UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS BRUTUS,<br><br>   *Plaintiff*,<br><br> v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25 - 2413 (LLA) |

## MEMORANDUM OPINION

  Plaintiff Carlos Brutus, an inmate in federal custody, seeks deportation to complete his sentence in another country. ECF No. 1. He asserts that "U.S. citizens and non-citizens have the right to request to be transferred to another country of their choosing if the [Department of Justice ('DOJ')] is in agreement with it and the other third[-]party country is also in agreement." *Id.* at 1. Mr. Brutus requests deportation to one of eight countries through a "mutual agreement" between the DOJ and the host country. *Id.* at 2. Because Mr. Brutus has not raised cognizable claims over which this court has jurisdiction, the court will sua sponte dismiss the case. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) (explaining that "a district court may dismiss a complaint sua sponte prior to service on the defendants when, as here, it is evident that the court lacks subject-matter jurisdiction").

  This court lacks authority to grant Mr. Brutus's requested relief because "the decision to initiate removal proceedings is left to the Attorney General, not a federal district judge." *Haapaniemi v. Garland*, No. 24-CV-2130, 2024 WL 4722133, at *2 (D.D.C. Nov. 7, 2024), *reconsideration denied*, 2025 WL 2020151 (D.D.C. Jan. 31, 2025), *appeal dismissed sub nom.*,

*Haapaniemi v. Bondi*, No. 25-5258, 2025 WL 4054415 (D.C. Cir. Dec. 19, 2025) (per curiam). Accordingly, a court cannot compel an inmate's deportation prior to the completion of his custodial sentence, *see Calleja v. Bondi*, No. 25-CV-1389, 2025 WL 2409754, at *2 (D.D.C. Aug. 19, 2025), nor can it review the Attorney General's decision to grant or deny a request to transfer an inmate to his home country to serve his sentence where a treaty allows for such a transfer, *see Sluss v. U.S. Dep't of Just.*, No. 14-CV-759, 2016 WL 6833923, at *1-3 (D.D.C. Nov. 18, 2016), *aff'd sub nom.*, *Sluss v. U.S. Dep't of Just., Int'l Prisoner Transfer Unit*, 898 F.3d 1242 (D.C. Cir. 2018).[1]

To the extent Mr. Brutus seeks habeas relief in this action, the court still lacks jurisdiction. The proper respondent to a habeas petition is the "immediate custodian" of the inmate. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810-11 (D.C. Cir. 1988) (en banc). The custodian is the warden of the facility in which the petitioner is incarcerated. *Chatman-Bey*, 864 F.2d at 810. "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Mr. Brutus is currently incarcerated at FCI Englewood in Littleton, Colorado. ECF No. 1-1; ECF No. 2, at 1. Because this court has no jurisdiction over the warden of FCI Englewood, it lacks jurisdiction to hear this case.[2]

---

[1] Mr. Brutus does not allege that he is subject to deportation after he completes his sentence or that he is eligible for an international prison transfer pursuant to a treaty, but, even if he did, this court would still lack jurisdiction. *See Calleja*, 2025 WL 2409754, at *2; *Sluss*, 2016 WL 6833923, at *2-3.

[2] Under 28 U.S.C. § 1631, when a court concludes that it lacks jurisdiction, it may dismiss the action or transfer it in the interest of justice. Because the court concludes that no court would have jurisdiction over Mr. Brutus's request for deportation, dismissal is appropriate.

A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 17, 2026